UNITED STATES DISTRICT COURT
                       DISTRICT OF PUERTO RICO

JUAN M. PEGUERO-ALBUERME,

    Plaintiff,
                                      Civil No. 08-1397 (JAF)
    v.

MIGUEL PEREIRA-CASTILLO,

    Defendant.

**OPINION AND ORDER**

Plaintiff Juan M. Peguero-Albuerme brings this action against Defendant Miguel Pereira-Castillo, the Puerto Rico Administrator of Corrections ("Administrator"), under 42 U.S.C. § 1983, alleging that Defendant has subjected Plaintiff to harsh prison conditions. Docket Nos. 2, 6. Plaintiff seeks monetary damages. Id. Defendant moves for dismissal pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Docket No. 10. The motion is unopposed.

**I.**

**Factual and Procedural Synopsis**

We draw the following facts from Plaintiff's complaint. Docket Nos. 2, 6. In considering a motion to dismiss, we assume that the factual averments in the complaint are true and "draw all plausible inferences in the plaintiff's favor." Berner v. Delahanty, 129 F.3d 20, 23 (1st Cir. 1997).

Plaintiff is an inmate at Guayama in the penal custody of the Commonwealth of Puerto Rico. Plaintiff has suffered physical and

psychological injury from (1) illumination from lighting fixtures, (2) uncomfortable seating at table and within his cell, (3) low temperatures within his cell, (4) inability to exercise without complying with a dress code imposed by a prison official, (5) unhygienic prison meals, (6) dangerous vapors from floor wax used in the corridors, (7) inadequate fire suppression systems and evacuation procedures, (8) distracting lighting in the prison library, (9) fumes released by drying paint in a common space in the prison ward, (10) exposure to nude fellow prisoners in the common shower, (11) risk of falling from an upper bunk bed, and (12) risk of contagion from inadequately washed prison uniforms. Plaintiff states without elaboration that he has exhausted his administrative remedies.

Plaintiff filed this case in federal court on April 2, 2008, seeking monetary compensation. Docket No. 2. On July 24, 2008, Defendant moved to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), Docket No. 10; Plaintiff has not opposed.

## II.

### Standard under Rule 12(b)(6)

A defendant may move to dismiss an action against him, based solely on the complaint, for the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In assessing this motion, "[w]e begin by accepting all well-pleaded facts as true, and we draw all reasonable inferences in favor of the

[plaintiff]." <u>Wash. Legal Found. v. Mass. Bar Found.</u>, 993 F.2d 962, 971 (1st Cir. 1993). We then determine whether the complaint states a legally cognizable demand for relief.

The complaint must demonstrate "a plausible entitlement to relief" by alleging facts that directly or inferentially support each material element of some legal claim. <u>Gagliardi v. Sullivan</u>, 513 F.3d 301, 305 (1st Cir. 2008) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 559 (2007)). "[S]pecific facts are not necessary; the statements need only 'give the defendants fair notice of [the claim] and the grounds upon which it rests.'" <u>Thomas v. Rhode Island</u>, 542 F.3d 944, 948 (1st Cir. 2008) (quoting <u>Erickson v. Pardus</u>, 551 U.S. 89 (2007)).

### III.

### **Analysis**

Defendant moves for dismissal for Plaintiff's failure to attribute alleged defects at Guayama to Defendant. <u>Docket No. 10</u>. We agree that supervisory liability does not attach to Defendant.

To establish supervisory liability under § 1983, a plaintiff must demonstrate the supervisor's fault for his own acts or omissions. <u>Whitfield v. Melendez-Rivera</u>, 431 F.3d 1, 14 (1st Cir. 2005). Accordingly, a plaintiff must establish either (1) the supervisor's direct participation in a constitutional violation, or (2) conduct by the supervisor that is tantamount to tacit authorization of illegal conduct. <u>Id.</u> Under the latter approach, a

Civil No. 08-1397 (JAF)                                                    -4-

plaintiff must show that (a) the conduct of the supervisor's subordinate caused a constitutional violation, and (b) the supervisor's acts or omissions were affirmatively linked to the subordinate's conduct such that it constituted supervisory encouragement, acquiescence, or gross negligence amounting to deliberate indifference. Id. The Administrator may suffer supervisory liability for his neglect of duties enumerated in Puerto Rico statutes. See Cristóbal-Miranda v. Giménez-Muñoz, 770 F.2d 255, 260-61 (1st Cir. 1985) (citing Administrator's powers under 4 L.P.R.A. § 1112(f) (1978)).

There is nothing in the complaint which suggests that Defendant is personally involved in the day-to-day operations of the prison at Guayama. See Docket No. 2. Thus, Plaintiff has failed to state a case for direct participation. See Whitfield, 431 F.3d at 14.

At the same time, Puerto Rico law does not command Defendant to exercise direct supervision over any of the alleged deficiencies at Guayama. See 4 L.P.R.A. §§ 1112-13 (2005). Furthermore, Plaintiff has not attributed specific acts or omissions to any subordinate of Defendant at Guayama for the bulk of his complaints. See id. The only exception is the unnamed official responsible for the dress code for physical exercise. See id. Plaintiff does not allege, however, that Defendant is personally responsible for, or turned a blind eye toward, the dress code. See id.

Having failed to allege Defendant's dereliction of statutory duty with respect to conditions at Guayama, actors responsible for

Civil No. 08-1397 (JAF)                                                -5-

the alleged violations, or Defendant's involvement with the dress code for physical exercise, Plaintiff cannot establish Defendant's tacit authorization. See <u>Whitfield</u>, 431 F.3d at 14.

As we dismiss for Plaintiff's failure to state a claim for supervisory liability, we need not address Defendant's arguments for failure to exhaust administrative remedies, sovereign immunity, qualified immunity, and lack of standing. See <u>Docket No. 10</u>.

## IV.

## Conclusion

Accordingly, we hereby **GRANT** Defendant's motion to dismiss, <u>Docket No. 10</u>. We **DISMISS** Plaintiff's complaint, <u>Docket No. 2</u>, **WITH PREJUDICE,** pursuant to Federal Rule of Procedure 12(b)(6).

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 23rd day of March, 2009.

                                              s/José Antonio Fusté
                                              JOSE ANTONIO FUSTE
                                              Chief U.S. District Judge